# UNITED STATES DISTRICT COURT
for the

District of NEW JERSEY

CAMDEN Division

| | |
|---|---|
| MR. ROBERT S. BLADES <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> THE STATE OF NJ; PHILIP D. MURPHY, Govenor, GURBIR S. GREWAL, Attorney General, ROBERT ASARO-ANGELO, Commissioner, ALL is acting as a STATE OFFICIALS' CAPACITY <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MR. ROBERT S. BLADES |
| Street Address | PO BOX 572 |
| City and County | MOUNT LAUREL |
| State and Zip Code | NJ 08054 |
| Telephone Number | N/A |
| E-mail Address | rblades89@yahoo.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | THE STATE OF NEW JERSEY |
| Job or Title *(if known)* | THE STATE HOUSE |
| Street Address | PO BOX 001 |
| City and County | TRENTON, MERCER CO. |
| State and Zip Code | NEW JERSEY 08625 |
| Telephone Number | 609.292.3454 |
| E-mail Address *(if known)* | N/A |

Defendant No. 2

| | |
|---|---|
| Name | MR. PHILIP D. MURPHY |
| Job or Title *(if known)* | GOVENOR OF NEW JERSEY |
| Street Address | PO BOX 001 |
| City and County | TRENTON, MERCER CO. |
| State and Zip Code | NEW JERSEY 08625 |
| Telephone Number | 609.292.3454 |
| E-mail Address *(if known)* | N/A |

Defendant No. 3

| | |
|---|---|
| Name | MR. GURBIR S. GREWAL |
| Job or Title *(if known)* | ATTORNEY GENERAL FOR NEW JERSEY |
| Street Address | 25 MARKET STREET |
| City and County | TRENTON, MERCER CO. |
| State and Zip Code | NEW JERSEY 08625 |
| Telephone Number | 609.292.4925 |
| E-mail Address *(if known)* | N/A |

Defendant No. 4

| | |
|---|---|
| Name | MR. ROBERT ASARO-ANGELO |
| Job or Title *(if known)* | COMMISSIONER OF DEPARTMENT OF LABOR |
| Street Address | 1 JOHN FITCH PLAZA |
| City and County | TRENTON, MERCER CO. |
| State and Zip Code | NEW JERSEY 08625 |
| Telephone Number | 609.292.2000 |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)*   N/A

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

TITLE 59 N.J.S.A. 59:1-1 et seq.; CHAPTER 404 N.J.S.A. 47:1a-1 et seq.; TITLE 42 U.S.C. SECTION 1983; TITLE 42 U.S.C. 1986; TITLE 5 U.S.C. 552

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____ , is a citizen of
    the State of *(name)* _____ . Or is a citizen of
    *(foreign nation)* _____ .

  b.  If the defendant is a corporation
    The defendant, *(name)* _____ , is incorporated under
    the laws of the State of *(name)* _____ , and has its
    principal place of business in the State of *(name)* _____ .
    Or is incorporated under the laws of *(foreign nation)* _____ ,
    and has its principal place of business in *(name)* _____ .

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

ON APRIL 30, 2018, PLAINTIFF WAS MEDICALLY TERMINATED BASE ON WORKPLACE COERCION AS THE RESPONDENT EGREGIOUSLY PUT THIS IN WRITING. ON SAID DATE, PLAINTIFF FILED AN UNEMPLOYMENT INSURANCE (U.I.) WITH THE NJ DEPT OF LABOR. THE RESPONDENT VIA FACSIMILE THE MEDICALLY TERMINATED LETTER TO THE STATE OF NEW JERSEY A STATE OFFICIAL'S CAPACITY, DEPUTY RECKLESSLY DENIED/DELAYED PLAINTIFF'S U.I. AND CLASSIFIED THIS AS A SIMPLE MISCONDUCT, DATED 5/15/2018. ON 5/17/2018, PLAINTIFF FILED AN AMMENDED APPEAL, REQUESTED GOVERNMENT DOCUMENTS AND VIA FACSIMILE TO THE STATE OF NEW JERSEY APPEAL TRIBUNAL. ON 5/24/2018, A STATE OFFICIAL CAPACITY, APPEALS EXAMINER IN HER PERSONAL CAPACITY ACTING WITHIN HER COURSE AND SCOPE OF HER EMPLOYMENT SCHEDULE A HEARING AND UPGRADED THE STATE OF NEW JERSEY PUNISHEMT FROM SIMPLE MISCONDUCT TO SEVERE MISCONDUCT MAKING THE PLAINTIFF A TARGET OF A SYSTEMATIC OF RACIAL DISCRIMINATION. THE STATE OF NEW JERSEY AND THE STATE OFFICIAL APPEALS EXAMINER CONSPIRED WITH THE RESPONDENT TO GATHER INFORMATIONS ON THE PLAINTIFF. ON 6/18/2018, PLAINTIFF VIA CERTIFIED A NOTICE LETTER TO THE ATTORNEY GENERAL'S OFFICE AS HE FACIALLY SHOWED NONCOMPLAINCE. AS THE STATE OF NEW JERSEY CONTINUED TO EXHIBITED THEIR COMMONS LAWS OF RACIAL PROFILING, PLAINTIFF VIA CERTIFIED A LETTER TO THE APPEALS EXAMINER'S DIFFERENTIAL TREATMENTS OF DISCRIMINATION, EQUAL PROTECTION CLAUSE, DUE PROCESS CLAUSE AND CIVIL PROCEDURE PROTCTION CLAUSE FOR A FUNDAMENTAL FAIRNESS OF THE STATE OF NEW JERSEY APPEAL HEARING WITH A STATE OFFICIAL, DATED 7/12/2018. AS THE STATE OF NEW JERSEY CONTINUED TO EXHIBITED THEIR COMMONS LAWS AND RECKLESSLY VIOLATING THE PLAINTIFF'S RIGHTS AS A TORTIOUS ACT, PLAINTIFF VIA CERTIFIED A NOTICE LETTER TO A STATE OFFICIAL'S COMMISSIONER OF NJ DEPT OF LABOR, IN HIS PERSONAL CAPACITY ACTING WITHIN HIS COURSE AND SCOPE OF HIS EMPLOYMENT FACIALLY SHOWED NONCOMPLAINCE AS THE STATE OF NEW JERSEY CONTINUED TO EXERCISED THEIR COMMONS LAWS AND VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS. THE STATE OF NEW JERSEY DEPT OF LABOR POLICY, ANY REQUEST TO THE APPEAL TRIBUNAL MUST BE RECEIVED WITHIN 180 DAYS OF THE DATE OF MAILING OF THIS DECISION (5/15/2018+180 DAYS=11/11/2018). ON 5/2/2019 AND 5/8/2019, THE STATE OF NEW JERSEY AND STATE OFFICIALS RECKLESSLY RE-OPEN PLAINTIFF'S UNEMPLOYMENT INSURANCE AS THE PLAINTIFF VIA CERTIFIED A NOTICE LETTERS TO THE STATE OFFICIALS', ATTORNEY GENERAL AND COMMISSIONER AS BOTH RECKLESSLY FACIALLY SHOWED NONCOMPLIANCE CREATING AN ACTION FOR NEGLECT MISCONDUCT DATED 7/1/2019. ON 8/7/2019, THE STATE OF NEW JERSEY AND A STATE OFFICIAL'S MAILED A NOTICE FOR A PHONE HEARING AND SHE MADE HER DECISION WITHOUT DUE PROCESS DATED 8/21/2019. AS A CAUSUAL CONNECTION, THE STATE OF NEW JERSEY AND STATE OFFICIALS' OF THE BOARD OF REVIEW MADE A RECKLESS DECISION AS AN END TO THE RESULTS OF RACIAL HARASSMENT ON 9/23/2019, THE STATE OF NEW JERSEY AND THE STATE OFFICIALS' ARE PRACTICING THEIR COMMONS LAWS OF RECKLESSLY DISREGARDING THE UNITED STATES CONSTITUTION, THE PLAINTIFF'S RIGHTS AND THE SUBSTANANTIVE DUE PROCESS NOTIONS OF ARTICLE I, PARA. I OF THE NEW JERSEY CONSTITUTION AS THE UNITED STATES SUPREME COURT HAS NOTED, 'DUE PROCESS IS REQUIRED FOR DEPRIVATIONS OF LIBERTY.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$75,000.00.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/29/2020

Signature of Plaintiff

Printed Name of Plaintiff   MR. ROBERT S. BLADES

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BLADES,<br>　　　　Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY; PHILLIP D. MURPHY, in his State Official Capacity as Governor of New Jersey; GURBIR S. GREWAL, in his State Official Capacity as Attorney General of New Jersey; ROBERT ASARO-ANGELO, in his State Official Capacity as Commissioner of the Department of Labor and Workforce Development – Division of Unemployment Insurance and Disability Insurance Services,<br>　　　　Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINTS FOR THE NEW JERSEY TORT CLAIMS, CIVIL ACTION FOR DEPRIVATION OF RIGHTS, AND ACTION FOR NEGLECT TO PREVENT**

Plaintiff, Robert S. Blades, is acting as a Pro Se hereby brings this civil actions for claims of negligence that causes harms to the Plaintiff's Constitutional Rights is seeking equitable remedy against the State of New Jersey and State Officials' in their personal capacity for exercising unconstitutional powers given to them by virtue of state laws and made possible only because the Defendants' is acting under the color of state law by recklessly abusing their state officials' positions as the Plaintiff's alleged as follows:

### INTRODUCTION

1.　In this action, the Plaintiff was single out for racial profiling as the State of New Jersey and State Officials' tortious actions violated the Equal Protection Clause, Due Process Clause, Civil Procedure Due Process of the United States Constitution.

2.　The State of New Jersey and State Officials' recklessly delayed the Plaintiff's Unemployment Insurance based on differential treatments of racial profiling, racial profiling by linguistic, racial profiling by Plaintiff's characteristics of writing, racial harassment and retaliation. The Plaintiff's exercised his rights under the protections of t he Equal Protection Clause and the Due Process Clause as the State of New Jersey and state officials recklessly acted on a systematic of tortious actions. The state officials' encompassed the practices of enforcing their policies of racial profiling by following their local customs to keep their systems of discrimination in their places and recklessly provided an act designed to encompassed the Plaintiff in a causal relationship between the state officials' conducts and the end result.

1

3. Therefore, Unemployment Insurance are property part of the legislated law in the United States as the Fifth Amendment protections, Fourteenth Amendments protections and Civil Procedural Due Process contain clauses as no person shall be deprived without due process of law, nor shall any State deprive any person without due process of the law and nor shall any State deny to any person within its jurisdiction the equal protection of the laws.

4. Pursuant to Section 1983, Plaintiff's suffered abuses at the hands of state officials' who chose not to follow U.S. Constitution Law but instead followed local customs to keep their systems of discrimination in places. The State of New Jersey and the state officials' were provided notices after notices by the Plaintiff to the state officials of the State of New Jersey causing reckless tortious actions for neglect to prevent as the Plaintiff is deprived his rights secured by the U.S. Constitution.

5. On information and belief, the State of New Jersey's scintilla of evidences provided an end results quote by the state government, NJ Department of Labor, Board of Review, Plaintiff's exhausting all of his benefits as the Defendants' is acting under the color of state laws by recklessly disregarding the Plaintiff's Rights secured by the United States Constitution as Section 1983 can be traced back to the Post Civil War South when black peoples (Plaintiff) suffered abuses at the hands of state officials' who (recklessly disregarded) chose not to follow the United States Constitutional Law, but instead followed local customs (Racial Profiling) to keep a systems of discrimination in place (systematic discrimination).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subjected matter of this actions under 28 U.S.C. 1331 and under 28 U.S.C. 1367.

7. Venue is proper in the District of New Jersey under 28 U.S.C. 1367 as supplement jurisdiction over state laws suggested the Defendants reside within the District of New Jersey and because a substantial part of the acts or omissions giving rise to this Complaint arose from events occurring within this district as the Plaintiff's reside. Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3d Cir. 2002)

8. The Court has authority to provide the relief requested under 42 U.S.C. 2000cc-2, as well as its inherent equitable powers.

## PARTIES

9. Plaintiff, Mr. Robert S. Blades, Pro Se is a private litigant and under its constitutional and statutory authorities (?), enforced the rules governed by the laws of New Jersey and as a private litigant, is owed a duty to care in responding to all formal complaints or notices and relief.

10. Defendant State of New Jersey is a State of the United States

11. Defendant Philip D. Murphy is the Governor of the State of New Jersey and is being sued in his state official personal capacity acting within his course and scope of his employment

12. Defendant Gurbir S. Grewal is the Attorney General for the State of New Jersey and is being sued in his state official personal capacity acting within his course and scope of his employment

13. Defendant Robert Asaro-Angelo is the Commissioner of the Department of Labor for the State of New Jersey and is being sued in his state official personal capacity acting within his course and scope of his employment

## NEW JERSEY TORT CLAIMS ACTS
### N.J.S.A. 59:1-1 et seq.

14. Plaintiff brings a claim under the New Jersey Tort Claims Act, N.J.S. 59:1-1 et seq. The Statute of limitations for NJTCA is two years. Ridgewood Board of Educucation v. N.E. ex rel. M.E., 172 F.3d 238, 251 (3d Cir 1999). The Act also requires a prospective to serve notice of suit on the public entity of state official within 90 days of the date on which the cause of action began to accrue. Rolax v. Whitman, 53 Fed. Appx. 635 637 (3rd Cir 2002). Monroe v. Pape, 365 U.S. 167 (1961)

15. On April 30, 2018, Plaintiff was medically terminated when he was physically assaulted on the job of the Respondent and sustained significant injuries as pre-existing injuries was aggravated and then exacerbated. The Respondent's practice workplace coercion verbally and in writing violating the free will of the Plaintiff.

16. On said date above, Plaintiff immediately filed Unemployment Insurance with the State of New Jersey Department of Labor and Workforce Development. (hereinafter "NJ Dept. of Labor"). The Overview of the Unemployment Appeals Process have three (3) sections under the NJ Dept. of Labor such as, (1). Notice of Determination – Denial of Unemployment Insurance; (2). Appeal Tribunal; (3). Board of Review. (hereinafter Unemployment Insurance or UI")

17. The New Jersey Supreme Court set forth the "minimum requirements of due process" in Nicoletta v. North Jersey District Water Supply Comm'n, 77 N.J. 145, 165 (1978). They include: written notice of the claimed violations; disclosure of evidence upon which the decision is based; the opportunity to be heard in person and to present witnesses and documentary evidences; the right to confront and cross-examine adverse witness unless the hearing officers specially finds good cause for not allowing confrontation; a "neutral and detached" hearing body; and a written statement by the factfinders as to the evidence relied on and reasons for the decision. Id (citing Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972)

3

18. On May 5, 2018, Plaintiff received mailed from the NJ Dept of Labor UI's Office in Westampton, NJ scheduling a NJ Dept. of Labor's Claims Examiner Interview for May 9, 2018. A state official, Mr. Frank Dicosimo, Deputy for the NJ Dept. of Labor, irrational behavior toward the Plaintiff is on a recorded phone interview with the Respondent at separated times and requested that the Respondent to fax the reasons Plaintiff was terminated on May 11, 2018. Plaintiff requested Respondent letter and was denied as Mr. Dicosimo's investigation is biased and prejudice.

19. On May 15, 2018, Plaintiff received a notice of determination from a state official, Mr. Dicosimo, Deputy from the Toms River NJ section of the NJ Dept. of Labor disqualifying the Plaintiff's Unemployment Insurance for eight (8) weeks from April 29, 2018 through June 30, 2018. Mr. Dicosimo, Deputy classified Plaintiff's medical termination/disability discrimination as a simple misconduct. The State of New Jersey policy regarding the statue to appeal is from the date of the Mr. Dicosimo's egregious decision, May 15, 2018 plus 180 days equal November 11, 2018 as anything after is violations of discrimination. <u>Valparaiso University Law Review</u>, Volume 35, Number 1, Fall 2000, pg. 197-2000.

## CIVIL ACTION FOR DEPRIVATION OF RIGHTS
## 42 U.S.C. SECTION 1983

20. On May 16, 2018, Plaintiff went to the Unemployment Insurance's Office in Camden, NJ and was coerced to write an appealed as a state official via facsimile to the NJ Dept. of Labor Appeal Tribunal's Office in Trenton, NJ. On the next day, Plaintiff went back to the UI's Office in Camden, NJ and via facsimile an official amended appealed, exercising his Rights to the Appeal Tribunal's Office and requesting all documents, faxes, mails, correspondence, transcripts, pursuant to the Freedom of Information Acts (FOIA) and Open Public Records Act (OPRA) from a state government as an "obstruction of justice" number one (1).

21. On May 18, 2018, Plaintiff received mail from the NJ Dept of Labor Appeal Tribunal's Office of a notice of receipt of appeal. Plaintiff via certified a subpoena duces tecum and subpoena ad testification to the Appeal Tribunal in Trenton, NJ dated May 20, 2018. A NJ Dept of Labor Appeal Tribunal mail a notice of phone hearing schedule for June 12, 2018 at 9:45 am, dated May 24, 2018 as an "obstruction of justice" number two (2).

22. As a law of causation, state officials, Mr. Dicosimo, Deputy and Ms. Smith, Appeals Examiner's differential treatment behaviors targeted the Plaintiff for exercising his rights into defaming his reputation by providing a misrepresentation document of upgrading Plaintiff medical termination from a simple misconduct to severe misconduct dated May 24, 2018.

4

23.     On June 5, 2018, Plaintiff via facsimile a compelling requested, pursuant to the subpoenas dated May 18, 2018, seven (7) days before the NJ Dept. of Labor Appeal Tribunal's Phone Hearing on June 12, 2018. On June 11, 2018, Plaintiff personally spoken to Ms. Smith regarding the Plaintiff's circumstances as Ms. Smith adjourned the phone hearing and mail a Decision of the adjourned, dated June 11, 2018 as "obstruction of justice" number three (3).

24.     On June 18, 2018, Plaintiff via certified a notice letter to the State of New Jersey Attorney General's Office that contained Plaintiff's name, address, dates of places of occurrences, general descriptions of harms caused by the public entities and an inquiry to who is being compensated as the state official, FOIA-5 U.S.C. 552 and N.J.S.A. 47:1a-1 et seq. as the Attorney General facially shows noncompliance as the legal claim occurred on May 9, 2018 and continuing. Abramson v. William Paterson Coll. Of New Jersey, 260 F. 3d 265, 288 (3rd Cir 2001)

25.     On June 20, 2018, Plaintiff went to the Unemployment Insurance's Office in Camden, NJ and demanded a state official to provided information on how to obtain the Respondent's documents that was faxed to a state official, Mr. Dicosimo on May 11, 2018. The State of New Jersey provided their common laws to obtained documents as the Plaintiff via facsimile a request for digital files on June 20, 2018.

26.     On June 28, 2018, Plaintiff received mail, pursuant to the Plaintiff's requested for digital files, from the NJ Dept of Labor in Trenton, NJ. The State of New Jersey provided a misrepresentation of data research of an edited letter, (only one letter of evidence), using the Plaintiff's Social Security's number five (5) times, recklessly refusing to redact and recklessly altering Respondent's authentic document into their own, but did provided evidence against the State of New Jersey as the only evidence that was presented to the Plaintiff. The State of New Jersey's evidence or "the crime do not fit the evidence" is not suitable or proper for Mr. Dicosimo and Ms. Smith, state officials, egregious decisions as the state government evidence violated the Plaintiff's medical issues. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3rd Cir. 2001), Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3rd Cir. 1998)  As part of the misrepresentation of data research is an edited version of a CD's with so much intentional blankets spaces or gaps from a state official, Mr. Dicosimo, Claims Examiner recorded phone interview but do provided state official illegal coercion of targeting the Plaintiff and demeaning the Plaintiff, dated May 9, 2018.

27.     On July 9, 2018, Plaintiff via certified a letter regarding Equal Protection Clause, Due Process Clause and Civil Procedural Due Process to the NJ Dept. of Labor, Ms. Smith Appeals Examiner, acting a state official, regarding the essential concept of fundamental fairness in an Appeal Tribunal Hearing.

28. On July 13, 2018, Plaintiff received mailed from Ms. Smith's notice of receipt of appeal and a notice of phone hearing for August 7, 2018 at 9:45 am. On August 6, 2018, Plaintiff via facsimile a Subpoenas Duces Tecum to Ms. Smith and the Respondent's Human Resources Manager as they reckless conspired for an "obstruction of justice" number four (4).

29. On August 7, 2018, Plaintiff went to the NJ Dept. of Labor Unemployment Insurance's Office in Camden, NJ for an open forum recorded phone hearing with the Respondent and Ms. Smith, Appeals Examiner, without evidences and witnesses. Ms. Smith's irrational behavior continued as she used an illegal coercion of threats, control, and abusive power toward the Plaintiff. Ms. Smith and the Respondent seems to conspire with coerced confessions against the Plaintiff as Ms. Smith's recorded conversation is totally different from her decision of the Appeal Tribunal's recorded phone hearing, dated August 7, 2018.

30. On August 16, 2018, the State of New Jersey, Ms. Smith, Appeals Examiner mailed another notice of receipt of appeal without the Plaintiff's requesting an appealed. Ms. Smith provided another notice of phone hearing that is dated, September 20, 2018 as the phone hearing date is October 20, 2018, but she adjourned the phone hearing on October 1, 2018.

31. On August 23, 2018, Plaintiff via certified a notice letter to Mr. Robert Asaro-Angelo, Commissioner of the NJ Dept. of Labor regarding racial harassment from Ms. Kimberly Newson Smith, Appeals Examiner of the NJ Dept. of Labor and Mr. Angelo provided a facially showed noncompliance as the legal claim occurred on June 26, 2018 and continuing. Barber v. CSX Distrib. Servs., 68 F. 3d 694, 701-02 (3rd Cir. 1995)

## ACTION FOR NEGLECT TO PREVENT
## 42 U.S.C. 1986

32. On May 2, 2019 and May 8, 2019, Plaintiff received a fax from the State of New Jersey Appeal Tribunal to reopen the Appeal Hearing without my consent (s) as Plaintiff's Racial Discrimination and Racial Harassment as the State of New Jersey institutional racism continued base on their common laws.

33. On July 1, 2019, Plaintiff via certified a notices letter to the State of New Jersey Attorney General and the Commissioner of the NJ Dept. of Labor as both facially shows noncompliance as this legal claim occurred May 2, 2019 and continuing through September 23, 2019 as the State of New Jersey in their state officials' capacity facially exhibited actions for neglect to prevent. The NJ Attorney General created an unit to fight corruption and stated, "We must hold accountable those who violates the public trust. We will focus allegations of civil rights violations, wrongful convictions, and as well as 'sensitive matters' for federal, state, and local officers."

34. On August 1, 2019, the State of New Jersey Appeal Tribunal mailed a notice of receipt to appeal followed by a notice of phone hearing to the Plaintiff even though the Plaintiff never consent to appealed of 2019 but consent to an appeal once on May 17, 2018.

35. As a continued causal connection and the end results, the State of New Jersey and the state officials' racial profiling and racial harassment, the State of New Jersey, Board of Review's Decision's order a dismissal and stated, 'It appeared that the Plaintiff have exhausted all benefits to which the Plaintiff was entitled to on his claims dated of April 29, 2018 through December 22, 2018, dated September 23, 2019. The State of New Jersey Board of Review's decision is a misrepresentation.

36. The state officials of the Board of Review egregious actions of giving a false or misleading account on the said date implied that the Defendants of the State of New Jersey is reckless practicing of prevent de facto discrimination and intimidation of ex-slaves as the State of New Jersey and the state officials' in their personal capacity acted under the color of state law.

37. Under Section 1983 can be traced back to the Post Civil War South when black peoples (Plaintiff) suffered abuses at the hands of state officials who chose not to follow United States Constitutional Law, but instead followed local customs to keep a systems of discrimination in place. From review of the facts of the State of New Jersey, it can only be concluded that the State of New Jersey and their state officials' in their personal capacity acting within their course and scope of their employment violated the Equal Protection Clause, Due Process Clause and Civil Procedural Due Process of public policy. This violation is evident in the State of New Jersey depriving Plaintiff oh his rights without meeting the requirements of due process, obstruction of justices, obstruction of subpoenas, obstruction to responded to formal complaints, misrepresents an important fact, state officials used their superior power to deprive Plaintiff's Constitutional Rights, and the state officials used deceit, fraud, and misrepresentation, manipulates the records in order to create fictitious grounds to target the Plaintiff's Characteristics.

38. Under a Rule 12(b) (6) motion, this Court is "required to accept as true all allegations in the complaint and all reasonable inference that can be drawn from them after construing them in the light more favorable to the non-movant." Jordan v. Fox, 20 F. 3d 1250, 1261 (3rd Cir. 1994). The presiding court should look "only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Id. At 1261. A Court should not dismiss a complaint "unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the Plaintiff's allegations." Id. At 1261. But, "a pro se complaint must be liberally construed and held to a less stringent standard than formal pleading drafted by an attorney." Merit, 276 F. Supp, 2d at 385. See also Estelle v. Gamble, 429 U.S. 97, 106 (1976)

7

## COUNT ONE

39. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 of this complaint.

40. The State of New Jersey and state officials' common laws violated the Plaintiff's Section 1983.

## COUNT TWO

41. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 of this complaint.

42. The State of New Jersey and state officials' common laws violated the Plaintiff's Section 1983.

## COUNT THREE

43. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 of this complaint

44. The State of NJ and state officials' common laws violated the Plaintiff's actions for neglect to prevent.

## PRAYER FOR RELIEF

The Plaintiff, Mr. Robert S. Blades, Pro Se respectfully requests that this Court:

1. Enter a judgment declaring that the State of New Jersey and state officials violates the Plaintiff's Equal Protection Claims, Section 1983, Due Process Clauses and action for neglect to prevent and therefore enforcing public policies.

2. Permanently enjoin the State of New Jersey and state officials' as well as their successors, agents, and employees, from enforcing their common laws.

3. Award the Plaintiff, Mr. Robert S. Blades, Pro Se its costs in this action of $75,000.00; and/or

4. Award any other injunctive relief this Court deems just and proper.

DATED: April 29, 2020                                       Respectfully submitted,

                                                            Mr. Robert S. Blades, Pro Se
                                                            P.O. Box 572
                                                            Mount Laurel, NJ 08054
                                                            Contact only by E-mail @ rblades89@yahoo.com